NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CASELAS, LLC,**
*Plaintiff-Appellant*

**v.**

**VERIFONE, INC., DEFYNE HOLDINGS, LLC, SYNOVUS FINANCIAL CORP., GEORGIA'S OWN CREDIT UNION,**
*Defendants-Appellees*

---

2023-1036, 2023-1038, 2023-1040, 2023-1041

---

Appeals from the United States District Court for the Northern District of Georgia in Nos. 1:21-cv-03480-VMC, 1:21-cv-03828-VMC, 1:21-cv-03829-VMC, 1:21-cv-03834-VMC, Judge Victoria M. Calvert.

---

Decided: May 28, 2024

---

MICHAEL SCOTT FULLER, Garteiser Honea, PLLC, Tyler, TX, argued for plaintiff-appellant. Also represented by RANDALL T. GARTEISER, CHRISTOPHER A. HONEA.

CAROLYN CHANG, Marton Ribera Schumann & Chang LLP, San Francisco, CA, for VeriFone, Inc. and argued for

all defendants-appellees.

MARCUS R. CHATTERTON, Balch & Bingham LLP, Birmingham, AL, for defendant-appellee Defyne Holdings, LLC. Also represented by JAMES T. DAWKINS, IV.

ROBERT L. LEE, Alston & Bird LLP, Atlanta, GA, for defendant-appellee Synovus Financial Corp.

BENJAMIN THOMPSON, Fish & Richardson P.C., Atlanta, GA, for defendant-appellee Georgia's Own Credit Union. Also represented by ASHLEY BOLT; NEIL J. MCNABNAY, Dallas, TX.

————————————

Before CHEN, LINN, and STARK, *Circuit Judges*.

LINN, *Circuit Judge*

Caselas, LLC, appeals the dismissal by the District Court for the Northern District of Georgia of its complaint of infringement of U.S. Patent Nos. 7,529,698 ("'698 patent"), 7,661,585, 9,117,206, 9,117,230, and 9,715,691 (collectively, the "Asserted Patents") in related cases against Appellees VeriFone, Inc.; Defyne Holdings, LLC; Synovus Financial Corp.; and Georgia's Own Credit Union (collectively, "VeriFone"). *See Caselas, LLC v. Verifone, Inc.*, 624 F. Supp. 3d 1328, 1331 (N.D. Ga. 2022) (dismissing claims against VeriFone); J. App'x at 22–24 (dismissing actions Defyne and Georgia's Own and entering summary judgment in favor of Synovus based on the *VeriFone* order).

For the reasons that follow, we affirm the district court's dismissal of Caselas's infringement claims for lack of patent-eligible subject matter under 35 U.S.C. § 101. Because we write for the parties, we rely on the district court's exposition of the facts of the case.

## I.    Patent Eligibility

Patent subject matter eligibility "is a question of law, based on underlying facts." *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018). We analyze eligibility under the two-step *Alice* framework. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014). In step one, we "determine whether the claims at issue are directed to a patent-ineligible concept." *Id.* at 218. Under this inquiry, we identify "the focus of the claimed advance over the prior art" to assess if the character of the claim as a whole, considered in light of the specification, is directed to excluded subject matter. *Intell. Ventures I LLC v. Cap. One Fin. Corp.*, 850 F.3d 1332, 1338 (Fed. Cir. 2017) (quoting *Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1257 (Fed. Cir. 2016)).

In step two, we "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent eligible application." *Alice*, 573 U.S. at 217 (quoting *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66, 78–79 (2012)). Step two "looks more precisely at what the claim elements add" to determine if "they identify an inventive concept in the application of the ineligible matter to which . . . the claim is directed." *SAP*, 898 F.3d at 1167 (internal quotation marks and citation omitted). The abstract idea itself cannot supply the inventive concept, "no matter how groundbreaking the advance." *Id.* at 1170.

### A.    '698 Patent

Like the district court, we treat claim 20 of the '698 patent as representative of the Asserted Patents' claims. *VeriFone*, 624 F. Supp. 3d at 1340. Caselas does not dispute that claim 20 is representative.

### 1.  *Alice* Step One

The district court determined that claim 20 is directed to the foundational commercial principle of underwriting, devoid of any patent eligible inventive concept.  *Id.* at 1341.  The district court concluded that as so directed, claim 20 resembles claims that the courts have previously held patent ineligible.  *Id.* at 1342 (citing *Bilski v. Kappos*, 561 U.S. 593, 611 (2010) (holding that claims directed to "the basic concept of hedging, or protecting against risk" are patent ineligible); *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1094–95 (Fed. Cir. 2016) (holding ineligible claims that "merely implement an old practice in a new environment")).

Caselas argues that the district court overgeneralized claim 20 by ignoring two key features of the claim: first, the use of charge-back data and, second, the insertion of that data at the front end of the transaction process.  Caselas argues that while the claims in *Bilski* and *FairWarning* were drawn to longstanding concepts, claim 20 focuses on a comparatively new problem in the art and the computer implementation of a solution to that problem.  Caselas contends that this case more closely resembles *TecSec, Inc. v. Adobe, Inc.*, in which we upheld the eligibility of claims that provided specific enhancements to a basic computer operation.  *See* 978 F.3d 1278, 1295–96 (Fed. Cir. 2020).

VeriFone argues that the district court correctly concluded that claim 20 is directed to the abstract underwriting idea of checking financial history before completing a transaction.  *See VeriFone*, 624 F. Supp. 3d at 1341–42.  According to VeriFone, limiting the use of an abstract idea to a specific charge-back context does not render the claim any less abstract.  *See Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1345, 1347 (Fed. Cir. 2014).  VeriFone argues that Caselas cannot effectively distinguish *Bilski* and notes that we have

held ineligible similar claims directed to "collecting and analyzing information for financial transaction fraud." *Bozeman Fin. LLC v. Fed. Rsrv. Bank of Atlanta*, 955 F.3d 971, 980 (Fed. Cir. 2020). Finally, VeriFone contends that *TecSec* does not control because claim 20 lacks a recitation of specific structures that enhance a computer operation.

We agree with VeriFone that claim 20 is essentially directed to the abstract idea of underwriting. We also agree that because underwriting involves checking financial histories before completing a transaction, the incorporation of data at the front end of the transaction process adds nothing of consequence. In our view, claim 20 invokes a fundamental economic principle similar to the abstract ideas of hedging against commercial risk, *Bilski*, 561 U.S. at 611–12, and detecting transaction fraud, *Bozeman*, 955 F.3d at 980. Although Caselas attempts to distinguish those cases by arguing that claim 20 solves an online-only problem, "not all claims purporting to address Internet-centric challenges are eligible for patent." *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1258 (Fed. Cir. 2014). Further, limiting the use of underwriting to charge-back data at most "implement[s] an old practice in a new environment." *FairWarning*, 839 F.3d at 1094. Thus, the fact that Claim 20 uses charge-back data as an input to the same checks involved in underwriting does not meaningfully distinguish *Bilski* or *Bozeman*.

We also agree that Claim 20 is distinguishable from the claims in *TecSec*. Caselas's claim recites standard information processing steps at a high level of generality, not specific improvements to basic computer functionality. *See TecSec*, 978 F.3d at 1296. Moreover, because underwriting is performed before the completion of a transaction, the step of receiving charge-back data on a computer at the front end of a transaction amounts to nothing more than the use of a computer as a tool to implement underwriting. *See Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016). Claim 20 contains neither a specific

improvement to basic computer functionality nor any enhancement to a basic computer operation.

We next turn to step two of the *Alice* framework.

### 2.   *Alice* Step Two

The district court correctly framed the step two inquiry as a search for an inventive concept that ensures the claim amounts to significantly more than a patent on an abstract idea. *VeriFone*, 624 F. Supp. 3d at 1342. The district court reasoned that the claim's application of prior charge-back data at "an unconventional juncture" was not inventive because "underwriting always occurs before a transaction." *Id.* The district court concluded that claim 20 does not recite an inventive concept that would render the claims patent eligible at *Alice* step two.

Caselas argues that the district court erred by failing to accept as true the intrinsic record's specific factual allegations of unconventionality. Caselas's complaint alleges that industry actors did not use charge-back data as an important payment processing data point until nearly a decade after the '698 patent's date of invention. J. App'x at 307–08. Caselas also argues that the '698 patent's application of charge-back data at the front end is inventive. VeriFone argues that reciting nothing more than the abstract idea of underwriting does not add an inventive concept at step two. *SAP*, 898 F.3d at 1170.

We agree with VeriFone. Placing charge-back data at the front end of the transaction process does not add an inventive concept because, as the district court noted, checking account history before completing a transaction simply invokes the concept of underwriting. *VeriFone*, 624 F. Supp. 3d at 1342. A claim's "use of the ineligible concept to which it is directed cannot supply the inventive concept." *BSG Tech LLC v. BuySeasons, Inc.*, 899 F.3d 1281, 1290 (Fed. Cir. 2018). Moreover, the argument that the claimed invention is unconventional based on the fact that industry

actors did not check charge-back histories until nearly a decade after the '698 patent's date of invention is of no consequence. *See SAP*, 898 F.3d at 1170 (noting that patent law does not protect abstract claims "no matter how groundbreaking the advance"); *BSG*, 899 F.3d at 1291 (explaining that at step two, "[a]s a matter of law, narrowing or reformulating an abstract idea does not add 'significantly more' to it"). For these reasons, we conclude that nothing in representative claim 20 adds an inventive concept that would transform the claim into more than an abstract idea.

We have carefully considered Caselas's other arguments but do not find them persuasive.

## CONCLUSION

For the foregoing reasons, the district court's decision is affirmed.

### AFFIRMED